**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JOANITA LUTAAYA,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-1684-KC** |
| | § | |
| **TODD BLANCHE,** | § | |
| | § | |
| **Respondent.** | § | |

## <u>ORDER</u>

On this day, the Court considered the case.  On June 18, 2026, Joanita Lutaaya filed a Petition for a Writ of Habeas Corpus, ECF No. 3.  Lutaaya is detained at the El Paso Service Processing Center.  Pet. ¶ 2.  She argues that her detention is unlawful and asks the Court to order a bond hearing.  Letter, ECF No. 3.  On June 22, the Court ordered Respondents to show cause why the Court should not grant the application for a writ of habeas corpus.  June 22, 2026, Order, ECF No. 2.

Respondents filed a Response, ECF No. 6, in which they state that Lutaaya is entitled to a bond hearing because she entered the United States on a student visa and is detained under 8 U.S.C. § 1226(a).  Resp. 1.  Because "an immigration judge may grant h[er] a bond or release," *id*. at 1,  Respondents argue that Lutaaya must exhaust her administrative remedies before this Court can order a bond hearing.  *Id.* at 1–2.  Put simply, Respondents agree that Lutaaya should have a bond hearing—she just needs to ask the immigration court to give her one.  *See id.*

On June 22, the Court entered an Order finding that if Lutaaya receives an individualized custody determination by the immigration court, such a determination would likely moot this Petition.  June 30, 2026, Order, ECF No. 8.  Accordingly, the Court ordered Lutaaya to file a

reply answering whether she requested a bond hearing from the immigration court, and, if so, the status of that request.  *Id.*

Lutaaya has now filed a Reply, ECF No. 13, in which she states that she has not requested a hearing before the immigration court and that there are no pending requests for a bond hearing before an immigration court.  Reply 1.  Lutaaya nevertheless asks the Court to grant the relief requested in her Petition despite her failure to seek that relief in immigration court, first.  *See id.*

 "A person seeking habeas relief must first exhaust available administrative remedies." *Hinojosa v. Horn*, 896 F.3d 305, 314 (5th Cir. 2018) (citation omitted).  Here, that includes seeking a bond hearing before the immigration court, as it would "provide a basis . . . to rectify" the alleged wrongful detention.  *Id.* at 315.  "Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action."  *Id.* at 314.  Exhaustion may also be excused where requiring it would greatly exacerbate the habeas petitioner's constitutional injury.  *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 680–81 (W.D. Tex. 2025).

Lutaaya has not yet requested a bond hearing, Reply 1, nor has she demonstrated that requesting a hearing before an immigration court would be futile or would take an unduly long time.  Indeed, Respondents have stated that Lutaaya is entitled to a bond hearing.  Resp. 1.

Accordingly, the Court **ORDERS** that the Petition, ECF No. 3, is **DISMISSED** without prejudice for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that the Motion to Appoint Counsel, ECF No. 4, is **DENIED** as **MOOT**.

The Clerk shall close the case.

**SO ORDERED**.

**SIGNED this 5th day of August, 2026.**

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE